## Case No. 1,497.

### BLAKE v. GREENWOOD CEMETERY.

[14 Blatchf. 342; 3 Ban. & A. 112;[1] 13 O. G. 1046.]

Circuit Court, E. D. New York. Oct. 19, 1877.

PATENTS—INFRINGEMENT—INJUNCTION—DEFENSES.

1. An application was made for a preliminary injunction, to restrain a cemetery corporation from using a stone breaking machine, in infringement of a patent. The machine was used to break stone to keep in repair the roads of the cemetery. The defendant set up a license. The plaintiff exercised his monopoly by granting licenses to use his machine. The defendant offered to pay into court the amount of the license fee on its machine, to abide a final decision on the question of the existence of a license: Held, that, on such payment into court, the application must be denied.

[Cited in Smith v. Sands, 24 Fed. 472.]

[2. Cited in Southwestern Brush Electric Light & Power Co. v. Louisiana Electric Light Co., 45 Fed. 896, to the point that, if the cessation of the alleged infringement would be injurious to the public, it would constitute sufficient reason for denial of an injunction.]

[See Bliss v. Brooklyn, Case No. 1,544; Ballard v. City of Pittsburgh, 12 Fed. 783.]

[In equity. Action by Eli W. Blake against the Greenwood Cemetery for infringement of a patent. Plaintiff's motion for a preliminary injunction denied.]

Henry T. Blake, for plaintiff.

Benjamin E. Valentine, for defendant.

BENEDICT, District Judge. This action is brought against the Greenwood Cemetery, to obtain an injunction and damages for the use, by the defendants, of a certain stonebreaking machine. The case is now before the court, upon the plaintiff's motion for a preliminary injunction to restrain the defendants from using the machine during the pendency of the action. The facts are not in dispute. It is not denied that the machine in use by the defendants is an infringement

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 112; and here republished by permission.]

upon the plaintiff's patent, as set out in his bill, and the validity of the patent is not disputed. As to these questions, there could be no dispute, for, not only this patent, but this identical machine, has formed the subject of a former action in this court, brought by this plaintiff against the maker of this and three similar machines, in which action the validity of the plaintiff's patent was declared, and the machine in question decided to be an infringement. [Blake v. Robertson, Case No. 1,501.] That decision having been since affirmed by the supreme court of the United States, upon appeal, (Blake v. Robertson, 94 U. S. 728,) furnishes the law of this case in respect to the question of infringement. But, in that action, brought as it was, against the maker of the machine, to recover damages for its construction, with others, and in which the damages were fixed in pursuance of a stipulation between the parties in respect thereto, inasmuch as the evidence offered to prove the damages failed to show any amount of damages sustained by reason of the construction of the machines complained of, the recovery was limited to one dollar, as nominal damages. In this action, that former action, together with the payment of the one dollar there awarded, is set up by way of defence, and it is contended that the defendants, by reason of the said recovery, are entitled to use the machine in question, as a licensed machine, without further payment to the patentee. Pending the determination of the question thus raised, which the defendants are entitled to have determined upon final hearing, and not upon this motion, there is a difficulty in granting a temporary injunction, arising out of the nature of the use to which the machine in question is devoted. The machine complained of is a powerful and expensive stone-crusher, used solely for the purpose of breaking the stone needed to keep in repair the roads of that cemetery called Greenwood, where are the graves of nearly two hundred thousand dead—the dead of every state in the Union, and of almost every nation on the earth. Some nineteen miles of roads border the burial lots of this great city of the dead. These roads are constantly travelled by the living, upon the saddest of all their errands. There is no part of the cemetery which may not be, at any moment, required to be used for the purposes of interment, and the necessity is absolute, that its ways and paths be unimpeded and in good repair. The duty of maintaining these roads belongs to the defendants, but it is, in no proper sense, a private obligation. The machine in question cannot fairly be said to be employed for the profit of any one, but for the convenience of the public, to the end that the people, without annoyance or obstruction, may bury their dead. Such a use, it is plain, should not be interfered with by the court, unless such intervention by the court is an absolute right of the plaintiff. In this stage of the case,

the plaintiff can have no such absolute right. His papers show that he does not derive profit for his patent by using his machines, but that he charges a fixed royalty or license fee, according to the size of the machine. The amount of this royalty upon the machine in question the defendants now offer to pay into court, to abide the decision of the question raised by their answer. Such a payment of his royalty will fully protect the rights of the plaintiff; and the offer to make the payment renders it impossible for the plaintiff successfully to contend that a temporary injunction is necessary to prevent irreparable injury to him. The motion must, therefore, be denied, provided the defendants pay into the registry of this court, to abide the event of this action, the amount of the plaintiff's royalty upon the machine in question.

[NOTE. For other cases involving this patent, see note to Blake v. Robertson, Case No. 1,500.]